UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JACK WESLEY COOPER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>RETRIEVAL-MASTERS CREDITORS BUREAU, INC.,<br><br>　　　　　Defendant. | No. 17 CV 773<br><br>Judge Manish S. Shah |

## ORDER

Defendant's motion to dismiss [16] is granted. The complaint is dismissed with prejudice because the claims could have and should have been brought in plaintiff's earlier-filed lawsuit against defendant. Enter judgment and terminate civil case.

## STATEMENT

Defendant Retrieval-Masters Creditors Bureau attempted to collect a debt owed by plaintiff Jack Wesley Cooper. Defendant told Cooper that a convenience fee would be charged if Cooper paid the debt by credit card, but Cooper alleges that such a fee was not authorized by law. It was, according to Cooper's complaint, misleading and unfair to suggest a fee that could not be assessed, and Cooper brings suit under the Fair Debt Collection Practices Act. [1] (citing 15 U.S.C. §§ 1692e(2)(a), (10), 1692f(1)).[1]

This is the second suit Cooper filed against defendant. The first suit was about defendant's efforts to collect the same debt. In a letter dated February 8, 2016, defendant falsely implied that it would update the credit bureaus about Cooper's debt, and this deceptive communication violated the FDCPA. *Cooper v. Retrieval-Masters Creditors Bureau, Inc.*, No. 16 C 2827, 2017 WL 2404952, at *3–4 (N.D. Ill. June 2, 2017). This lawsuit challenges defendant's representations about the credit-card fee. That convenience fee was not mentioned in the February 8 letter; it was referenced on a website that plaintiff visited in December 2016. [1] ¶¶ 14–21. Cooper logged into the website using information provided in a letter. [1] ¶ 16. The only inference to be drawn is that the letter referenced in paragraph 16 of this complaint is the February 8, 2016 letter at issue in the first lawsuit. *See* 16 C 2827,

---

[1] Bracketed numbers refer to entries on the district court docket.

Docket No. 1-1 at 6 (letter providing website and log-in information).[2] When he filed this second lawsuit, Cooper's first suit against defendant was still pending, and Cooper never attempted to amend his first complaint to bring the credit-card fee claim in that lawsuit.

Defendant moves to dismiss the complaint on the basis of impermissible claim-splitting.[3] "Litigants are not entitled to split their claims into multiple pieces; the branch of preclusion that forbids this, known as merger and bar, requires litigants to raise in one suit all claims and theories that are part of the same transaction and could have been litigated at the same time." *Johnson v. UMG Recordings, Inc.*, 663 Fed. App'x 478, 479–80 (7th Cir. 2016), cert. denied, 137 S. Ct. 2121 (2017). "[A] plaintiff cannot evade preclusion by 'identify[ing] a slightly different cause of action with one element different from those in the first, second, or third lawsuits between the same parties arising from the same events.'" *Barr v. Bd. of Trustees of W. Illinois Univ.*, 796 F.3d 837, 840 (7th Cir. 2015) (quoting *Czarniecki v. City of Chicago*, 633 F.3d 545, 550 (7th Cir. 2011)).

Cooper says that the communication from defendant's website is a different transaction than the February 8, 2016 letter at issue in his first lawsuit. I disagree. This case is about the same defendant attempting to collect the same debt from the same plaintiff through a communication that was set into motion by the same communication challenged in the first lawsuit. This is the same series of transactions between the same parties. Although Cooper says he learned of the credit-card fee in December 2016 when he checked the website, the February 8, 2016 letter told Cooper about the website. He could have identified this claim at or near the same time he received the February 8 communication.

Cooper next argues that the first lawsuit was too far along to amend, because discovery was closed and a dispositive motion deadline was approaching in that case. But this is speculation because Cooper never tried to amend his complaint. And even

---

[2] Cooper does not suggest otherwise, and defendant repeatedly argues that the February 8, 2016 letter was the letter mentioned in paragraph 16 of the complaint in this case.

[3] Defendant also moves for dismissal under Rule 12(b)(1) for lack of Article III standing. My view is that a plaintiff who receives a deceptive communication allegedly in violation of the FDCPA has articulated a concrete, cognizable injury, even if the plaintiff incurred no actual damages. *Saenz v. Buckeye Check Cashing of Illinois*, No. 16 CV 6052, 2016 WL 5080747, at *2 (N.D. Ill. Sept. 20, 2016); *see also Haddad v. Midland Funding, LLC,* No. 16 C 3942, 2017 WL 1550187, at *3 (N.D. Ill. May 1, 2017) (being lied to in violation of an anti-trickery statute like the FDCPA is a concrete harm). Cooper alleged that he received a deceptive communication about an unauthorized fee, and this a concrete harm (made cognizable by Congress in the FDCPA), particularized to Cooper, and redressable by a favorable decision. There is a justiciable case or controversy here.

if his effort to amend his complaint were unsuccessful, that does not provide a reason to allow a second lawsuit. *See Arrigo v. Link*, 836 F.3d 787, 800 (7th Cir. 2016) (allowing plaintiff to proceed would result in the very prejudice and inefficiency that denial of untimely amendment was intended to avoid).

Cooper has split his claim over defendant's misleading debt collection efforts, and in the interests of judicial efficiency, the controversy between the parties should be resolved once. Cooper has prevailed in his first lawsuit against defendant. *See* 16 C 2827, Docket Nos. 93, 96 (N.D. Ill.). There is no good reason to allow a second lawsuit over the same dispute, and therefore, this complaint is dismissed with prejudice.

ENTER:

Date:   October 10, 2017

Manish S. Shah
U.S. District Judge