### UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

JACK WESLEY COOPER,

                Plaintiff,

      v.

RETRIEVAL-MASTERS CREDITORS
BUREAU, INC.,

                Defendant.

No. 17 CV 773

Judge Manish S. Shah

### ORDER

Defendant's motions for sanctions, [31] and [33], are granted in part, denied in part. The court sanctions attorneys Celetha Chatman and Michael Wood, and the firm Community Lawyers Group, Ltd., jointly and severally. By August 28, 2018, plaintiff's counsel shall pay defendant $7,888.13.

### STATEMENT

Plaintiff's counsel, Celetha Chatman and Michael Wood of the law firm Community Lawyers Group, Ltd., should not have filed this lawsuit—the second one they filed on behalf of Jack Wesley Cooper against Retrieval-Masters Creditors Bureau. In the first case, counsel alleged (and proved) that defendant violated the Fair Debt Collection Practices Act. *See Cooper v. Retrieval-Masters Creditors Bureau, Inc.*, No. 16 C 2827, 2017 WL 2404952 (N.D. Ill. June 2, 2017) (*Cooper I*). As that case moved along, counsel decided to bring a second FDCPA claim against defendant. Instead of seeking to amend the complaint in *Cooper I* to add this new claim, counsel filed a second lawsuit. They argued that the basis for the second claim was a different transaction than the one at issue in the first case. It wasn't. This was claim splitting and I dismissed the second complaint with prejudice. [29] at 2–3 (citing *Barr v. Bd. of Trustees of W. Illinois Univ.*, 796 F.3d 837, 840 (7th Cir. 2015) (a plaintiff cannot evade preclusion by identifying a slightly different cause of action between the same parties arising from the same events)).[1]  Cooper did not appeal the dismissal.

---

[1] Bracketed numbers refer to entries on the district court docket and page numbers are taken from the CM/ECF header placed at the top of filings, except in the case of deposition or trial transcripts, where the court uses the pagination from each transcript.

On top of the claim-splitting problem, this second lawsuit had a factual problem. The complaint alleged that Cooper entered his login credentials into a website to view his options for paying off the debt he owed and that website contained a misleading communication from defendant. [1] ¶¶ 14–25. In his deposition and at trial in *Cooper I*, Cooper testified that he never paid bills online, was not in a position to make any payments, did not go to websites to look into options for payment, and never checked the status of his bills online. [33-1] at 34:5–15; [33-2] at 18:4–17, 25:7–22. When confronted with the inconsistency between the allegations of the second complaint and his testimony, Cooper said he checked the website with the help of his attorneys. [33-2] at 25:23–26:6.

Defendant argues that claim splitting was unreasonable and the factual basis for the second suit was false, and asks for its attorney's fees and costs. Federal Rule of Civil Procedure 11 authorizes sanctions if an attorney presented to the court a pleading or other paper for any improper purpose or containing factual contentions without evidentiary support. Fed. R. Civ. P. 11(b)(1), (b)(3), (c). Under 28 U.S.C. § 1927, an attorney who vexatiously and unreasonably multiplies proceedings can be ordered to pay the excess fees and costs incurred because of the conduct. And the FDCPA similarly authorizes a court to award fees on a finding that an action was brought in bad faith and for the purpose of harassment. 15 U.S.C. § 1692k(a)(3). Rule 11 establishes an objective test, and a court should determine if there has been a callous disregard for governing law or the procedures of the court. *U.S. Bank Nat. Ass'n, N.D. v. Sullivan-Moore*, 406 F.3d 465, 470 (7th Cir. 2005); *Harlyn Sales Corp. Profit Sharing Plan v. Kemper Fin. Servs., Inc.*, 9 F.3d 1263, 1269 (7th Cir. 1993). Subjective bad faith is sufficient to support § 1927 sanctions, but such a finding is not necessary; objective bad faith will also support a sanctions award. *Hunt v. Moore Bros., Inc.*, 861 F.3d 655, 659 (7th Cir. 2017).[2]

---

[2] Defendant filed its motion about seventy days after the entry of judgment. Federal Rule of Civil Procedure 54 says that a motion for attorney's fees must be filed no later than fourteen days after judgment. Fed. R. Civ. P. 54(d)(2)(B). The motion for fees under § 1692k was untimely, and I deny it on those grounds. But Rule 11 and § 1927 motions may be filed later. *See* Fed. R. Civ. P. 54(d)(2)(E). Parties must request Rule 11 sanctions as soon as practicable, and ninety days after final judgment is the "outer parameter" for filing a Rule 11 motion for sanctions. *In re Dairy Farmers of Am., Inc.*, 80 F.Supp.3d 838, 858 (N.D. Ill. 2015). Defendant put plaintiff's counsel on notice of its sanctions request in July 2017, before judgment and while the motion to dismiss was pending. [45-5]. The damages trial and Cooper's testimony in *Cooper I* took place in September 2017. [33-2] at 2. Plaintiff's motion for attorney's fees in the first case was filed in November 2017. *See* [43] at 6. The Rule 11 and § 1927 motions here were filed within a reasonable time, because it made sense for defendant to assess the fees plaintiff requested in the first case to decide whether to pursue sanctions.

The complaint was misleading because it suggested that Cooper checked his account online to investigate his payment options. That was not true, and Wood and Chatman knew it because they—not Cooper—checked the website and discovered a potential FDCPA violation. For Chatman and Wood to draft a misleading complaint is galling because they regularly sue debt collectors for their misleading statements. But the false allegation was not material. The point of the complaint was not that Cooper personally checked the website for some particular purpose, but that defendant suggested a fee that it was not permitted to charge. Whether Cooper or his lawyers discovered the potential FDCPA violation—the merits of which were not tested—doesn't matter. So, while I am troubled that counsel drafted a misleading complaint, that alone would not be enough to justify sanctions.[3]

But by filing a complaint with misleading allegations that should not have been filed in the first place because it split the claim, counsel crossed the line. There is a pattern of Wood and Chatman filing multiple lawsuits on behalf of the same plaintiff against the same defendant, in relatively short sequence. *See Carchi v. Midland Funding, LLC*, 17 C 4897 (N.D. Ill.) (filed June 30, 2017); *Carchi v. Midland Funding, LLC*, 17 C 5446 (N.D. Ill.) (filed July 25, 2017); *Carchi v. Portfolio Recovery Assocs., LLC*, 17 C 5900 (N.D. Ill.) (filed August 11, 2017); *Carchi v. Portfolio Recovery Assos., LLC*, 17 C 6867 (N.D. Ill.) (filed September 22, 2017); *Carchi v. Portfolio Recovery Assocs., LLC*, 17 C 7607 (N.D. Ill.) (filed October 20, 2017); *Carchi v. Portfolio Recovery Assocs., LLC*, 18 C 0098 (N.D. Ill.) (filed January 5, 2018); *Carchi v. Portfolio Recovery Assocs., LLC*, 18 C 2067 (N.D. Ill.) (filed March 21, 2018); *Horia v. Nationwide Credit and Collection, Inc.*, 17 C 6103 (N.D. Ill.) (filed August 22, 2017); *Horia v. Nationwide Credit and Collection, Inc.*, 17 C 8355 (filed November 17, 2017); *see also id.*, 2018 WL 3630125 (N.D. Ill. July 31, 2018) (dismissing second suit for improper claim splitting). In these cases, counsel did not disclose that the later cases were related to earlier ones—leading to multiple suits filed with multiple judges. These disputes should have been resolved in one case. Counsel has not suggested a proper purpose for filing multiple cases when one would suffice, and defendants plausibly argue that the only purpose is to generate multiple statutory damages awards and fee petitions. *See Horia*, 2018 WL 3630125, at *3 ("the present action appears to be an attempt by Horia to circumvent the FDCPA statutory damages cap via impermissible claim-splitting.").[4] This is an unreasonable duplication of litigation that drains judicial resources. The pattern demonstrates a

---

[3] Rule 11 is a tool that must be used with utmost care and caution. *See FDIC v. Tekfen Const. and Installation Co., Inc.*, 847 F.2d 440, 444 (7th Cir. 1988).

[4] Counsel says that a continuing investigation led to Cooper's second suit against defendant here, but as I concluded when dismissing the complaint, the convenience-fee claim existed at the time of *Cooper I*, and there was no good reason for counsel to not investigate Cooper's available FDCPA claims at the time of filing the first complaint. [29] at 2–3.

callous disregard for the prohibition on claim splitting and the court's procedures on identifying related cases.[5]

Plaintiff's counsel should have filed one case to address defendant's conduct, and should have been scrupulously honest in drafting the allegations of the complaint. Under these circumstances, Rule 11 and § 1927 permit me to award the fees defendant incurred in defending this case. But that punishment does not fit the crime, and "[i]n general the severity of a sanction should be proportioned to the gravity of the offense." *Allen v. Chi. Transit Auth.*, 317 F.3d 696, 703 (7th Cir. 2003). To deter future claim splitting and misleading complaints by Chatman and Wood, it is sufficient and appropriate to take away the benefit they received from *Cooper I*—their fees and costs. Judge Feinerman awarded $7,888.13 in Case No. 16 CV 2827. I sanction plaintiff's counsel that same amount for their conduct in this case, payable to defendant.

ENTER:

Date:   August 14, 2018

_____
Manish S. Shah
U.S. District Judge

---

[5] During a sidebar at the *Cooper I* damages trial, Judge Feinerman commented that Cooper had been caught in a lie and therefore questions about the second lawsuit were permissible. [33-2] at 23:1–21. Chatman responded, "Okay. Fine. This is ridiculous." *Id*. Chatman's apparent contempt for the court during *Cooper I* adds to the pattern of counsel's disregard for court protocol.